UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KEITH HOGLUND, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:18-CV-044-JD-MGG |
| | ) | |
| ROBERT E. CARTER, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Keith Hoglund, a prisoner without a lawyer, alleges his mail was confiscated in violation of the First Amendment. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hoglund alleges M. Metcalf refused to deliver mail on July 11, 2017, which he had received at the Indiana State Prison from the Iowa Secretary of State. ECF 1 at 2. Defendant Metcalf notified him on that date that the mail had been withheld. Mr. Hoglund sought to retrieve the mail, but was told it was prohibited because it "pertains to limited power of attorney which you must have prior approval." ECF 1 at 2.

Prisoners "have protected First Amendment interests in both sending and receiving mail." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). However, "a prison can confiscate an inmate's mail if confiscation 'is reasonably related to legitimate penological interests.'" *Williams v. Hansen*, 837 F.3d 809, 810 (7th Cir. 2016) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). For example, the Seventh Circuit has upheld regulations authorizing prison officials to inspect non-legal mail for contraband in the interest of prison security. *See Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (listing examples of prohibited topics, including "threats of physical harm, blackmail, extortion; plans to escape; [and] coded letters"). Several other circuits have recognized prison efficiency as a legitimate interest as well. *See, e.g.*, *Simpson v. City of Cape Girardeau, Mo.*, 879 F.3d 273 (8th Cir. 2018) (upholding a postcard-only policy for non-legal outside correspondence to inmates). However, in order to overcome a First Amendment challenge, a prison must present "some evidence to show that the restriction is justified." *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 639 (7th Cir. 2005).

Here, without evidence from the defendants, the court cannot say the confiscation of mail from the Iowa Secretary of State on July 11, 2017, was reasonably related to a legitimate penological interest. Therefore the complaint states a claim against M. Metcalf. However, it does not state a claim against Mark Newkirk who is only alleged to have responded to his grievance about the mail having been confiscated. "[T]he inadequacies of the grievance procedure . . . cannot form the basis for a constitutional claim." *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015). "Public employees are responsible for their own misdeeds but not for anyone else's." *Burks v.*

*Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Therefore Mark Newkirk and the claims against him will be dismissed.

Finally, the Complaint alleges the Indiana Department of Correction has a policy of withholding prisoner mail related to unauthorized limited powers of attorney. It also alleges Defendant Robert E. Carter, Commissioner of the Department of Corrections, is "legally responsible for the overall operation of the department." ECF 1 at 1. Based on these allegations, Plaintiff may proceed against Robert E. Carter in his official capacity for declaratory and injunctive relief. *See Marie O. v. Edgar*, 131 F.3d 610 (7th Cir. 1997) (recognizing an exception to state sovereign immunity in "suits against state officials seeking prospective equitable relief for ongoing violations of federal law"). However, he has not stated a claim against Warden Ron Neal because the allegation is that it is a department wide policy, not one created and limited to the Indiana State Prison.

For these reasons, the court:

(1) GRANTS Keith Hoglund leave to proceed against Robert E. Carter, Jr., in his official capacity for declaratory and injunctive relief for the Indiana Department of Correction policy of withholding prisoner mail containing unauthorized limited powers of attorney;

(2) GRANTS Keith Hoglund leave to proceed against M. Metcalf in her individual capacity for compensatory and punitive damages for withholding his mail on July 11, 2017, from the Iowa Secretary of State;

(3) DISMISSES all other claims;

(4) DISMISSES Ron Neal and Mark Newkirk;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Robert E. Carter, Jr., and M. Metcalf, at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), that Robert E. Carter, Jr., and M. Metcalf respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 20, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT